UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HERMAN A. WALLACE,

    Plaintiff,

v.                                      Case No. 3:23cv21052-MCR-HTC

OFFICER SIZEMORE, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Herman A. Wallace, a prisoner proceeding *pro se* and *in forma pauperis*, files this action alleging the Defendants violated his Eighth Amendment rights by placing him in a cell with an inmate who had tested positive for Covid 19 ten (10) days earlier. ECF Doc. 1. Upon review, the undersigned recommends this case be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) as malicious for abuse of the judicial process due to Plaintiff's failure to disclose his litigation history.

I.     **STANDARD OF REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 *et seq.*, "the court shall dismiss the case at *any time* if the court determines that . . . the

action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (emphasis added); *see also* 28 U.S.C. § 1915A(b).

## II.   FAILURE TO DISCLOSE

Plaintiff's complaint form asks the following question: "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?". ECF Doc. 1 at 10. Plaintiff answered "No" to this question and failed to disclose any cases in his complaint. *Id.* at 9–11. He also signed the complaint form "under penalty of perjury, that the foregoing (including all continuation pages) is true and correct." *Id.* at 11–12.

Upon investigation, however, the Court discovered Plaintiff's response was false. Specifically, Plaintiff failed to disclose the following cases, which challenged his criminal convictions: (1) *Wallace v. Secretary, Department of Corrections, et al.*, No. 8:09-cv-00538-SDM-TGW (M.D. Fla. Mar. 26, 2012) – a habeas case under 28 U.S.C. § 2254 challenging his conviction for first-degree murder; (2) *Wallace v. Secretary, Department of Corrections et al.*, No. 12-11932 (11th Cir. Aug. 9, 2012), an appeal of the same; and (3) *Wallace v. Secretary, Department of Corrections*, et al., No. 8:08-cv-01152-EAK-TGW (M.D. Fla. Dec. 18, 2009) – another § 2254

habeas case challenging his conviction for felonious possession of a firearm. All three cases bear Plaintiff's name, signature, and inmate number: 476821. The complaint form advised Plaintiff that "**[f]ailure to disclose all prior cases may result in the dismissal of this case.**" ECF Doc. 1 at 11.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

Thus, the Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without

consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). Plaintiff's failure to truthfully disclose his litigation history was "malicious" under the PLRA, 28 U.S.C. § 1915(e)(2)(B)(i), and is grounds for dismissal.

Accordingly, it is respectfully RECOMMENDED:

1.   This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for abuse of the judicial process due to Plaintiff's

failure to disclose his litigation history.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 20th day of September, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.